proceed with dispatch to determine the balance of the matters not referred. Settle order on notice. Present — Dore, J. P., Callahan, Breitel, Bastow and Botein, JJ.

In the Matter of MARGARET T. HARRINGTON, Appellant, against MILTON C. JOHNSON COMPANY, Respondent.— Order unanimously reversed and the motion granted. The appellant owns approximately 44% of the outstanding stock of the respondent corporation, which she inherited from her husband following his death in 1948. The husband during his lifetime was an officer and employee of the corporation. Since his death the salaries of the three officers and directors have been increased over 50%. Five of the respondent's salesmen are stockholders. In 1952 this group received a total of $57,210.71 for salary and expenses. The respondent refuses to reveal to petitioner how these payments are divided between salary and expenses. It states that no effort is made to scrutinize the expenses of a salesman because it would adversely affect the morale of the salesmen. At the end of 1952, the respondent had a total surplus of approximately $400,000 and an earned surplus of more than $235,000. No dividends have been paid for many years. In the light of these and other facts presented in the record, the appellant is entitled to the requested examination of the respondent's books and records. Settle order on notice. Present — Dore, J. P., Callahan, Breitel, Bastow and Botein, JJ.

GRACE KAYE et al., Respondents, v. PEKA, INC., Appellant.—Order unanimously affirmed. No opinion. Present — Dore, J. P., Callahan, Breitel, Bastow and Botein, JJ.

GRACE KAYE et al., Respondents, v. PEKA, INC., Appellant.— The purpose and, therefore, the business of this particular corporation was the maintenance and operation of the airplane to be used for the pleasure or business of the two individuals who were the sole stockholders. The corporate structure and the agreements among its members reflect an intention to so maintain and operate the airplane and to carry liability insurance. Consequently, the judgment is affirmed, with costs. Present — Dore, J. P., Callahan, Breitel, Bastow and Botein, JJ.; Callahan, J., dissents and votes to reverse and dismiss the complaint in the following memorandum: An airplane owned by the corporate defendant was flown at various times by the two corporate stockholders for the pleasure or business of the individual stockholders; the accident involved occurred by reason of the faulty operation by one of the stockholders and was not due to the condition of the plane. In the absence of a statute such as section 59 of the New York Vehicle and Traffic Law, an automobile owned and operated in like circumstances would seem to me to be solely in the control of the individual operator and I see no reason for applying any different rule as to this plane.

In the Matter of TARRY TAVERN, INC., Petitioner, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Respondents.— Determination unanimously confirmed, with $20 costs and disbursements to the respondents. No opinion. Present — Dore, J. P., Callahan, Breitel, Bastow and Botein, JJ. [See *post*, p. 1030.]